SALVATORE BRIGNOLA, RESPONDENT, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Perkins, Drewen & Nugent.*

For the respondent, *Harvey Bein.*

PER CURIAM.

The action in this case was against the insurance company by an assignee of a policy of insurance issued to one Lloyd Campbell for a surrender value of $162.50. There was a judgment for the plaintiff and the defendant appeals, contending that there should have been a nonsuit or entry of judgment for defendant.

The defense was that no notice of the assignment by Campbell had ever been received by the company and that in the meantime the surrender value had been paid to Campbell.

The question in the case turns upon the proof of notice. The policy was assigned to the plaintiff on September 17th, 1931. On October 10th, 1931, the cash surrender value was paid to Campbell. Before the proof of payment to Campbell had been presented and on proof by the plaintiff that he, in company of the insured, took the policy with the assignment endorsed on it to the office of the insurance company and showed it to some person connected with the defendant company, and that subsequently he made several more calls on the defendant to get his money, a motion for nonsuit was made.

Proof of previous payment to Campbell not being then in the case, this motion was properly denied, as the plaintiff in the absence of proof of prior payment to Campbell would be entitled to recover upon the mere presentation of the policy with the assignment to him endorsed thereon. After the

proof of payment to Campbell, however, a motion for judgment for the defendant was made and denied, and it is in this state of the case that the sufficiency of the facts to establish notice becomes important.

Among the provisions of the policy, marked as an exhibit in the case, is one to the effect that none of its conditions, provisions or privileges could be waived or modified except by endorsement on the policy signed by the president, a vice-president, the secretary, an assistant secretary, the actuary, the associate actuary or an assistant actuary. It further provides that "no agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information."

By the agreed state of facts it does not appear when the assignment was shown to "some person connected with the defendant company," whether before or after October 10th, 1931; the statement being simply that it was after securing the assignment. But, assuming that it is to be read as "immediately" after securing the assignment, or "upon" securing the assignment, the policy was shown to someone connected with the defendant company, we think this was insufficient to establish notice to the company itself. Apart from the limited power expressed in the provision of the policy to the effect that "no agent has power * * * to bind the company by making any promise or making or receiving any representations or information," there may undoubtedly be a class of employes of the company notice to whom would be clearly inadequate to bring anything home to the company itself—an office boy, or a porter would be a person connected with the company, and yet obviously not a proper one upon whom to serve notice. The fact that in less than a month after notifying such "person" of the assignment the insured had the assurance to proceed to the office of the company and collect the surrender value is rather persuasive evidence that the notice given was not even intended to reach the responsible officers of the company.

However all this may be, the company by its contract specifically apprised the plaintiff and the insured that notice of any sort must be given to someone in authority, and that no mere agent was authorized to receive such information on its behalf. This provision was a plain limitation of authority and binding on the insured and his assignee. *Crescent Ring Co.* v. *Travelers' Insurance Co.,* 102 *N. J. L.* 85; 132 *Atl. Rep.* 106.

The company having paid the surrender value of the policy to the insured, and, so far as appears, without effective notice of the existence of the assignment by the insured to the plaintiff, there was error in the finding in his favor and the judgment is, therefore, reversed.